IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CR3116 |
| | ) | |
| v. | ) | |
| | ) | |
| HUGO GALAVIZ, | ) | MEMORANDUM |
| | ) | AND ORDER |
| Defendant. | ) | |
| | ) | |

Hugo Galaviz (Galaviz) has filed a Motion to Vacate under 28 U.S.C. § 2255. After initial review, I deny the motion and dismiss it with prejudice.[1] Galaviz asserts that his excellent lawyer was ineffective. From the files and records and the submissions of Galaviz, it plainly appears that is not so.

## *I. BACKGROUND*

Galaviz pleaded guilty to distributing methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1), and being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2). He was a member of violent street gang called the East Side Locos. That gang, and specifically Galaviz, trafficked in guns and drugs. In the motion now before me,

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Galaviz asserts that his lawyer was ineffective for not raising two gun enhancement arguments in the two direct appeals.

Initially, I sentenced Galaviz to 151 months in prison as to Count I (drugs) and 120 months in prison as to Count IV (short shotgun), said terms to run concurrently. As part of that sentencing, I sustained an objection by the government and, after an extensive evidentiary hearing, found that Galaviz had obstructed justice. Galaviz initiated his first appeal through Jerry Hug, the lawyer who appeared before me.

The first appeal was successful. Two judges of a three judge panel agreed with Mr. Hug that I should not have enhanced the defendant's sentence for obstruction of justice even though Galaviz participated in an effort to have the confidential informant (CI) killed. *United States v. Galaviz*, 687 F.3d 1042 (8th Cir. 2012) (After his incarceration upon pleading guilty to distributing methamphetamine and being a felon in possession of firearm for which he received enhanced sentence of 151-month prison term, prisoner's conspiracy to murder confidential informant in retaliation for his cooperation with government was not willful attempt to obstruct administration of justice with respect to sentencing of "instant offense of conviction," within meaning of sentencing guideline authorizing two-level obstruction of justice enhancement, since prisoner could not have intended to obstruct justice regarding offenses to which he had already pleaded guilty, unless he thought informant was going to testify against him at sentencing, but prisoner had no reason to think that informant would be witness at sentencing at time that prisoner entered conspiracy or during time that he was involved in conspiracy.).

On remand, I found that Galaviz was not entitled to an acceptance of responsibility reduction, but, pursuant to the direction of the Court of Appeals, I also found that the obstruction of justice enhancement did not apply. I sentenced Galaviz to the custody of the Bureau of Prisons for a term of 121 months as to Count I and 120 months as to Count IV, said terms to run concurrently. Hug prosecuted a second

appeal arguing that Galaviz was entitled to the acceptance of responsibility reduction since the only reason I had denied such reduction the first time was because of the obstruction of justice enhancement. The Court of Appeals rejected the appeal. United States v. Galaviz, 533 Fed.Appx. 683 (8th Cir. 2013).

In neither appeal did Hug assert arguments related to two gun enhancements that Hug objected to at the first sentencing. Galaviz believes I erred in resolving those objections in favor of the government, and that Hug was ineffective for failing to raise them again on appeal.

## *II. ANALYSIS*

Galaviz admitted that he sold two guns to the CI. One was a short barreled shotgun and the other was a Glock handgun.[2] (Filing no. 73 at CM/ECF pp. 173-174.) Galaviz asserts that: (1) the separate enhancements under (a) U.S.S.G. § 2D1.1(b)(1) (possession of a dangerous weapon as part of a drug trafficking crime)[3] and (b) U.S.S.G. § 2K2.1(b)(5) and application note 13 (trafficking in two or more firearms to a person previously convicted of a drug felony) did not apply and I erred in applying them; and (2) although Hug challenged those enhancements at sentencing, he provided ineffective assistance of counsel when he failed to raise those arguments on appeal. With the foregoing in mind, I next discuss briefly why Galaviz cannot prevail.

---

[2]Count IV charged the shotgun. Galaviz pleaded guilty to that charge. Count II charged the Glock handgun. That charge was dismissed as a part of the plea agreement. However, the sale of the Glock was clearly relevant conduct for among other reasons both counts involved the same CI, the offense of conviction (the short shot gun) took place eight days after the sale of the Glock, and both the CI and Galaviz were members of the ESL street gang.

[3]As will be pointed out, Galaviz is factually mistaken. While other sections of the Guidelines were applied to set the base level and to enhance the sentence for the "short shot gun," U.S.S.G. § 2D1.1(b)(1) was not one of them.

### *Strickland Standard*

The *Strickland* standard must be applied. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984) (announcing principles for evaluation of claims of ineffective assistance of counsel under the Sixth Amendment). In order to prevail on a claim that defense counsel rendered ineffective assistance of counsel under *Strickland*, the claimant must establish two things. He or she must establish (1) that "'counsel's representation fell below an objective standard of reasonableness,'"[4] and (2) that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"[5] Nguyen v. United States, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting *Strickland*, 466 U.S. at 688, 694).

An evidentiary hearing is unnecessary if the claimant makes an insufficient preliminary showing on either or both prongs or the record clearly contradicts the claimant's showing on either or both prongs. Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective-assistance-of-counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the

---

[4] A judge's "scrutiny of counsel's performance must be highly deferential" and the judge must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Reed v. United States, 106 F.3d 231, 236 (8th Cir. 1997). In other words, a judge should make "every effort" to "eliminate the distorting effects of hindsight" by examining the lawyer's performance from "counsel's perspective at the time" of the alleged error. *Strickland*, 466 U.S. at 689.

[5] A "reasonable probability" is less than "more likely than not," Kyles v. Whitley, 514 U.S. 419, 434 (1995), but it is more than a possibility. White v. Roper, 416 F.3d 728, 732 (8th Cir. 2005). It must be compelling enough to "undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact").

In so far as appeals are concerned, the Court of Appeals "will apply a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Charboneau v. United States*, 703 F.3d 1132, 1136-1137 (8th Cir. 2013) (quoting *Strickland*, 466 U.S. at 689). "Our review is particularly deferential when reviewing a claim that appellate counsel failed to raise an additional issue on direct appeal." *Id*. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal," *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Therefore, "absent contrary evidence, we assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." *United States v. Brown*, 528 F.3d 1030, 1033 (8th Cir.), *cert. denied*, 555 U.S. 937 (2008).

In cases such as this one where no structural error is alleged or is apparent, "the normal *Strickland* prejudice rule applies: [Galaviz] 'must demonstrate a reasonable probability that the result of the proceedings'—that is, the direct appeal—'would have been different absent counsel's error.'" *Charboneau*, 703 F.3d at 1138 (quoting *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir.), *cert. denied*, 540 U.S. 1094 (2003).

### *Claim one regarding U.S.S.G. § 2D1.1(b)(1)*
### *(possession of a dangerous weapon as part of a drug trafficking crime)*

First, Galaviz is mistaken as U.S.S.G. § 2D1.1(b)(1) was not applied to him. Rather the "short shotgun" was used to set the base offense level for possession of a firearm by a prohibited person under the provisions of U.S.S.G. § 2K2.1(a)(4)(B) relating to a person who possessed a short shot gun under 26 U.S.C. 5845(a). (Filing no. 68 at CM/ECF p. 9 ¶ 35 (Revised Presentence Report). He also received a two-

point enhancement under U.S.S.G. § 2K2.1(b)(3)(B) relating to specific offense characteristics and short shot guns. (Filing no. 68 at CM/ECF p. 9 ¶ 36.) Second, this was not "double counting" for, among other reasons, the Eighth Circuit Court of Appeals had rejected such an argument in an earlier case. *United States v. Rohwedder*, 243 F.3d 423, 427 (8th Cir. 2001) (impermissible double counting did not result when shotgun was used both to determine defendant's base offense level for firearms offense and to apply two-level enhancement for destructive devices, which include sawed-off shotguns; application of both guidelines when offense involves destructive device was clearly intended by Sentencing Commission, and subsections were sufficiently conceptually separate notions to support the application of both).

In summary, the first claim has no merit. Hug could not have been ineffective for failing to raise the "double counting" argument on appeal despite the fact that he raised the "double counting" argument at sentencing because there was case law that squarely held that such an argument would have been fruitless.

***Claim two relating to U.S.S.G. § 2K2.1(b)(5) and application note 13 (trafficking in two or more firearms to a person previously convicted of a drug felony)***

It was undisputed that Galaviz sold the Glock and the short shot gun to the CI within a few days of each other. (Filing no. 73 at CM/ECF pp. 173-174.) Application note 13[6] to U.S.S.G. § 2K2.1(b)(5) clearly required a four-level increase since Galaviz

---

[6]Sections (A) and (B) of that application note provide:

(A) In General.--*Subsection (b)(5) applies*, regardless of whether anything of value was exchanged, *if the defendant*--

(i) Transported, *transferred*, or otherwise disposed of *two or more firearms to another individual*, or received two or more firearms with the intent to transport, transfer, or otherwise dispose of firearms to another individual; *and*

(ii) *Knew or had reason to believe that such conduct would result in the*

engaged in trafficking of two or more firearms to the CI, a person he knew to be a convicted drug felon. (Filing no. 68 at CM/ECF p. 9 ¶ 37.) The CI testified at the evidentiary hearing that at least twice he told the CI that he had been convicted of a drug felony. (Filing no. 73 at CM/ECF pp. 23-29.) Moreover, it was clear that Galaviz believed the CI had a continuing interest in trafficking drugs. In short, the four-level enhancement was clearly applicable and Hug would have been foolish to raise the argument on appeal.

Galaviz relies on a convoluted argument based upon his misreading of *United States v. Willett*, 623 F.3d 546 (8th Cir. 2010) (the defendant was not accountable for

---

transport, *transfer*, or disposal of *a firearm to an individual–*

(I) *Whose possession or receipt of the firearm would be unlawful*; *or*

(II) Who intended to use or dispose of the firearm unlawfully.

(B) Definitions.--For purposes of this subsection:

"*Individual whose possession or receipt of the firearm would be unlawful" means an individual who (i) has a prior conviction for* a crime of violence*, a controlled substance offense*, or a misdemeanor crime of domestic violence; or (ii) at the time of the offense was under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. "Crime of violence" and "controlled substance offense" have the meaning given those terms in § 4B1.2 (Definitions of Terms Used in Section 4B1.1). "Misdemeanor crime of domestic violence" has the meaning given that term in 18 U.S.C. 921(a)(33)(A).

The term "defendant", consistent with § 1B1.3 (Relevant Conduct), limits the accountability of the defendant to the defendant's own conduct and conduct that the defendant aided or abetted, counseled, commanded, induced, procured, or willfully caused.

(Emphasis added.)

reasonably foreseeable acts of codefendant, and thus application of four-level specific offense characteristic for trafficking in firearms was not warranted in prosecution for possession of stolen firearm, absent evidence that defendant himself engaged in firearm trafficking, or that defendant aided or abetted, counseled, commanded, induced, procured, or willfully caused the trafficking of firearms.). In the *Willett* case the defendant did not participate in the sale of the firearms, unlike this case where Galaviz was the one who actually sold the guns. Thus, *Willett* has no relevance whatever to this case.[7]

### III. CONCLUSION

Hug did a great job for Galaviz. The record plainly establishes that the claims of ineffective assistance of counsel have no merit.

IT IS ORDERED that:

1. The Motion to Vacate under 28 U.S.C. § 2255 (filing no. 105) is denied and dismissed with prejudice.

2. A separate judgment will be entered.

3. No certificate of appealability will be issued by the undersigned.

---

[7]To the degree that Galaviz argues that there must be three participants, that is, the defendant A must convey the guns to party B who in turn must convey the guns to party C in order for U.S.S.G. § 2K2.1(b)(5) and application note 13 to apply, I find no authority for such an assertion. On the contrary, as written, the enhancement plainly applies when a defendant transfers two or more guns to a person previously convicted of a drug felony and the defendant is aware of the transferee's criminal record. *See* Application note 13 A(i)&(ii)(I).

DATED this 26th day of August, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.